IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JEREMY HOWE, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 5:21-cv-443

**IIA NUCLEAR SERVICES, INC.**            **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Jeremy Howe ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant IIA Nuclear Services, Inc. ("Defendant"), he states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA to Plaintiff and all others similarly situated.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff is an individual and resident of Bexar County.

6. Defendant is a domestic, for-profit corporation.

7. Defendant's registered agent for service of process is Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

8. Defendant, in the course of its business, maintains a website at https://industrial-ia.com/.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Defendant's primary business is providing nuclear power facility maintenance services to its customers.

11. In or around May of 2020, Defendant acquired IHI Southwest Technologies, Inc. ("IHI Southwest").

12. Upon information and belief, Defendant assumed IHI Southwest's liabilities upon acquisition.

13. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as vehicles, fuel, tools and equipment.

14. At all times relevant hereto, Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203.

15. Plaintiff regularly used instrumentalities of interstate commerce such as vehicles and tools in carrying out his job duties.

16. Defendant had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

17. Defendant, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

18. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

19. At all times material herein, Plaintiff has been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and has been paid an hourly wage.

20. Plaintiff began employment with IHI Southwest in December of 2005 and continued his employment with Defendant when it acquired IHI Southwest. His employment was terminated in December of 2020.

21. Plaintiff's job title was "Supervisor," and he was primarily responsible for testing valves, writing procedures specific to valve types and training other employees.

22. Defendant also employed other hourly-paid Supervisors within the three years preceding the filing of this lawsuit.

23. Other Supervisors had the same or similar job duties to Plaintiff.

24. At all relevant times herein, Defendant directly hired Plaintiff and other Supervisors to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25. Plaintiff regularly worked over forty hours in a week.

26. Plaintiff estimates he worked between 60 and 70 hours per week.

27. Upon information and belief, other Supervisors also regularly worked over forty hours in a week.

28. Until around May of 2020, Defendant purported to pay Plaintiff a salary, but in reality Defendant paid Plaintiff his regular hourly rate for all hours worked. In other words, Defendant failed to pay Plaintiff an overtime premium for hours worked over forty each week.

29. Plaintiff's pay was docked if he worked fewer hours than 40 in a week.

30. Upon information and belief, Defendant failed to pay other Supervisors an overtime premium for hours worked over forty each week.

31. After May of 2020, Defendant again purported to pay Plaintiff a salary, but upon information and belief continued to pay him hourly.

32. Plaintiff's paystubs after May of 2020 show a base amount labeled as "Salary," as well as some pay for hours over 40, labeled as a "site premium." Plaintiff's base amount fluctuates, and, upon information and belief, Plaintiff's pay was docked when he worked fewer hours than 40 in a week.

33. Upon information and belief, the "site premium" pay for hours worked over 40 was not equal to 1.5x Plaintiff's regular rate of pay.

34. Upon information and belief, other Supervisors were paid in a similar manner and were not paid a sufficient overtime premium for hours worked over 40 each week.

35. At all relevant times herein, Defendant has deprived Plaintiff and other Supervisors of sufficient overtime compensation for all hours worked.

36. Defendant knew or showed reckless disregard for whether his actions violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

37. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Supervisors who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.   Overtime premiums for all hours worked over forty in any week;

B.   Liquidated damages; and

C.   Attorney's fees and costs.

39.   Plaintiff proposes the following class under the FLSA:

> **All Supervisors, or employees with the same or similar duties as Supervisors, who worked over 40 hours in any week within the past three years.**

40.   In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

41.   The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

42.   The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.   They were paid hourly;

B.   Defendant purported to pay them salary;

C.   They worked hours over forty in at least one week within the three years preceding the filing of this lawsuit; and

D.   They were subject to Defendant's common policy of failing to pay an overtime premium for hours worked over forty each week.

43.   Plaintiff is unable to state the exact number of the collective but believes that the class exceeds ten persons.

44. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

45. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

46. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

### VI.  FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

47. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

48. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

49. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

51. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

52. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

53. Defendant knew or should have known that its actions violated the FLSA.

54. Defendant's conduct and practices, as described above, were willful.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

56. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

57. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

58. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

59. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

60. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

61. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee

meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

62. Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

63. Defendant failed to pay Plaintiff and similarly situated employees a sufficient overtime premium for all hours worked over forty each week.

64. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

65. Defendant knew or should have known that its actions violated the FLSA.

66. Defendant's conduct and practices, as described above, were willful.

67. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

68. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

69. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jeremy Howe, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JEREMY HOWE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com