UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Jeremy Howe, Luis Hernandez, Duncan Maclean, Donald Parker, Karl Shaffer, and Nicholas Villareal,<br><br>    Plaintiffs,<br><br>v.<br><br>IIA Nuclear Services, Inc.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 5:21-cv-00443-XR |

**Joint Motion for *in camera* Review and Approval of Settlement**

Defendant IIA Nuclear Services, Inc. ("IIA") and Plaintiffs Jeremy Howe, Luis Hernandez, Duncan Maclean, Donald Parker, Karl Shaffer, and Nicholas Villareal (collectively "Plaintiffs") engaged in mediation of the above-referenced action with third-party neutral Jack Wisdom. Having reached a settlement as the result of arms-length negotiations during and after mediation, the parties jointly request that the Court review their Agreement *in camera* and approve their settlement. A copy of the Agreement is being filed provisionally under seal for the purposes of the Court's *in camera* review as an exhibit to this motion.

The grounds for this motion are:

1.  Although courts may disagree whether approval of private settlements of some *bona fide* disputes under the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 ("FLSA") is mandatory, *see Espinosa v. Stevens Tanker Div., LLC*, SA-15-CV-879-XR, 2018 WL 8017210, at *1 (W.D. Tex. Jan. 19, 2018) ("Not every FLSA settlement, however, requires court approval."), the parties agree that review and approval of FLSA settlements is permitted, especially when presented to the Court jointly by the parties. *Hiser v. NZone Guidance, LLC*, No. 1:18-CV-1056-RP, 2021 WL 2934896, at *2 (W.D. Tex. Jan. 25, 2021) (citing *Martin v. Spring Break '83Prods.,*

1

*L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012); *Trevino v. Colt Oilfield Servs., LLC*, 2019 WL 3816302, at *2 (W.D. Tex. May 6, 2019)). "[T]he reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Alaniz v. Maxum Petroleum Operating Co., Inc.*, No. SA-15-CV-00373-XR, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)). The parties jointly ask for such approval here.

2.  Plaintiffs were employed in various capacities and at various times by IIA, which was formerly known as IHI Southwest Technologies, Inc., in or around 2018 through 2021. Plaintiffs allege that IIA and its predecessor entity misclassified them as exempt under the FLSA and failed to properly pay them wages, overtime, and other compensation. Plaintiffs only bring claims under the FLSA. IIA denies these allegations.

3.  In or about May 2021, Plaintiff Howe filed the above-referenced lawsuit against IIA as a collective action under the FLSA on behalf of himself and others similarly situated. (*See* Compl., ECF No. 1.) Plaintiffs Hernandez, Maclean, Parker, Shaffer, and Villareal subsequently joined the Lawsuit. (*See* ECF Nos. 4, 5, 6, 8, and 14.) Plaintiffs abandoned their class allegations and amended their complaint to proceed as a direct action against IIA under the FLSA. (*See* Am. Compl., ECF No. 17.) Thus, there are no absent class or collective members involved in this action or the settlement described below.

4.  IIA defended against claims in the Lawsuit by denying the claims and asserting various affirmative defenses. (*See* Am. Ans., ECF No. 28.) It has not admitted any liability.

5.  The parties have a *bona fide* dispute regarding classification, overtime compensation, and wages owed, if any.

6. Represented by counsel, the parties engaged in extensive written discovery, informal settlement negotiations, and formal mediation, reaching a mediated settlement shortly after the virtual mediation was conducted. By virtue of the Agreement, the parties desire to fully and completely resolve this matter in good faith and settle any and all claims that Plaintiffs asserted, or could assert, against IIA in the above-referenced action.

7. All of the parties to the settlement engaged in the mediation process in some capacity; all the parties to the settlement have joined this motion and are properly before the Court.

8. The parties agree that the amount of the Settlement is, and should remain, confidential. As a result, they have filed the Agreement under seal for *in camera* review.[1] The Agreement contains the amount of the settlement (the "Gross Settlement Amount"), the allocation of that amount, and the amount of attorneys' fees and reimbursement for costs and expenses incurred in the litigation ("Attorneys' Fees and Costs").

9. With the benefit of advice from counsel of their own selection and a review of extensive discovery and records, the parties agree that the settlement—including the amount and allocation of the Gross Settlement Fund—is a fair and reasonable settlement of a disputed claim given the relative arguments of the Parties, the potential risks associated with a trial of the parties' claims and affirmative defenses, and the terms of the Settlement. Plaintiffs agree that the settlement is in their best interest.

10. The parties agree that their private settlement is reasonable given the substantial consideration given to Plaintiffs for claims which were strongly disputed. Plaintiffs also agree that the allocation of the Gross Settlement Fund and the amount of the Attorneys' Fees and Costs are appropriate and align with the remedial purposes of the FLSA. *See, e.g., Sarabia v. Spitzer Indus.,*

---

[1] The parties also filed a motion to seal the Agreement contemporaneously with this motion.

*Inc.*, 2018 WL 6046327, at *4 (S.D. Tex. Nov. 19, 2018); *Matthews v. Priority Energy Servs., LLC*, 2018 WL 1939327, at *2 (E.D. Tex. Apr. 20, 2018).

## Conclusion

Therefore, the parties request that the Court:

A. approve the Agreement as a final, fair, reasonable, adequate resolution of a *bona fide* dispute between the parties;

B. approve the distribution and allocation of the Gross Settlement Fund settlement in accordance with the terms of the Agreement;

C. approve an award of Attorneys' Fees and Costs in accordance with the terms of the Agreement;

D. dismiss the case *with prejudice*; and

E. for such other and further relief as the Court deems just and proper.

To this end, the parties submit a proposed order and request the Court enter that order upon approval.

**[Signature on following page.]**

| | |
|---|---|
| March 4, 2022 | */s/ Matthew A. Abee* <br> **Debbie Whittle Durban**, *Admitted pro hac vice* <br> Federal Bar No. 16893 <br> E-Mail: debbie.durban@nelsonmullins.com <br> **Matthew A. Abee**, *Admitted pro hac vice* <br> Federal Bar No. 11747 <br> E-Mail: matt.abee@nelsonmullins.com <br> **Nelson Mullins Riley & Scarborough LLP** <br> 1320 Main Street / 17th Floor <br> Post Office Box 11070 (29211-1070) <br> Columbia, SC 29201 <br> (803) 799-2000 <br> <br> **Kate Skagerberg** <br> Texas State Bar No. 24058578 <br> Federal Bar No. 1121430 <br> kate.skagerberg@nelsonmullins.com <br> **Nelson Mullins Riley & Scarborough LLP** <br> One Nashville Place \| Suite 1100 <br> 150 Fourth Avenue, North \| Nashville, TN 37219 <br> (615) 664-5351 <br> <br> *Attorneys for IIA Nuclear Services, Inc.* |
| March 4, 2022 | */s/ Merideth Q. McEntire by DWD with permission* <br> **Merideth Q. McEntire** <br> Tex. Bar No. 24105123 <br> E-Mail: merideth@sanfordlawfirm.com <br> **Josh Sanford** <br> Tex. Bar No. 24077858 <br> E-Mail: josh@sanfordlawfirm.com <br> **Sanford Law Firm, PLLC** <br> Kirkpatrick Plaza <br> 10800 Financial Centre Parkway, Suite 510 <br> Little Rock, Arkansas 72211 <br> Telephone: (501) 221-0088 <br> Facsimile: (888) 787-2040 <br> <br> *Attorneys for Plaintiffs Jeremy Howe, Luis Hernandez, Duncan Maclean, Donald Parker, Karl Shaffer, and Nicholas Villareal* |

**Certificate of Service (CM/ECF)**

      I certify that on the date set forth below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

March 4, 2022	Respectfully submitted,

                                /s/ Matthew A. Abee
                              **Matthew A. Abee**, *Admitted pro hac vice*
                              Federal Bar No. 11747
                              E-Mail: matt.abee@nelsonmullins.com
                              **Nelson Mullins Riley & Scarborough LLP**
                              1320 Main Street / 17th Floor
                              Post Office Box 11070 (29211-1070)
                              Columbia, SC 29201
                              (803) 799-2000

                              *Attorneys for IIA Nuclear Services, Inc.*