UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Jeremy Howe, Luis Hernandez, Duncan Maclean, Donald Parker, Karl Shaffer, and Nicholas Villareal,<br><br>Plaintiffs,<br><br>v.<br><br>IIA Nuclear Services, Inc.,<br><br>Defendant. | §<br>§<br>§   Civil Action No. 5:21-cv-00443-XR<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Before the Court is the Joint Motion for *in camera* Review and Approval of the Settlement Agreement (ECF No. 31) filed by Defendant IIA Nuclear Services, Inc. and Plaintiffs Jeremy Howe, Luis Hernandez, Duncan Maclean, Donald Parker, Karl Shaffer, and Nicholas Villareal. After careful consideration, the Court **GRANTS** the parties' motion.

## BACKGROUND

1.  Plaintiffs brought this case against Defendant seeking unpaid overtime pay under the Fair Labor Standards Act. ("FLSA"). Although Plaintiffs originally filed this as a collective action, they subsequently abandoned their class allegations and amended their complaint to proceed as a direct action against IIA. Thus, there are no absent class or collective members involved in this action or the settlement described below.

2.  In their operative complaint, Plaintiffs asserted that Defendant failed to pay them proper overtime. (ECF No. 17.) Defendant denied the claim and asserted several affirmative defenses. (ECF No. 27.) After the parties engaged in formal mediation, they filed a Joint Motion for *in camera* Review and Approval of the Settlement Agreement. (ECF No. 31). With the benefit of advice from counsel of their own selection and a review of extensive discovery and records, the

parties agree that the settlement is a fair and reasonable settlement of a disputed claim and is in Plaintiffs' best interest.

## ANALYSIS

3. The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945). The provisions of the FLSA are mandatory.

4. The Eleventh Circuit has held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" payment supervised by the Secretary of Labor and judicial approval of a stipulated settlement after an employee has brought a private action. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The Court reasoned that these methods ensure that the same unequal bargaining power between employers and employees that underlies the Act does not unfairly affect a private settlement of claims for wages. Thus, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353. Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1355.

5. Not every FLSA settlement, however, requires court approval. "[P]arties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount

of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances." *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting and adopting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)); *see also Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163–64 (5th Cir. 2015). Because the parties here have requested court approval of their settlement, the Court will analyze the settlement.

6. The primary issue in this litigation is whether Plaintiffs were properly paid and/or are owed additional overtime compensation. Defendant denies that it owes any overtime wages. The Court concludes that there is a *bona fide* dispute over the number of hours worked or compensation due.

7. Having reviewed the terms of the confidential settlement agreement, the Court concludes that the settlement is fair and reasonable.

## CONCLUSION

8. For the foregoing reasons, the Court **GRANTS** the parties' Joint Motion to for *in camera* Review of the Settlement Agreement (ECF No. 31). The settlement is **APPROVED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to **CLOSE** this case, with each party bearing its own costs.

It is so **ORDERED**.

**SIGNED** this 9th day of March, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE